IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBRA FISCHER,

    Plaintiff,

vs.

ETHICAL RECOVERY SOLUTIONS, LLC,

    Defendant.
_____/

CASE NO.

Jury Trial Demanded

## COMPLAINT

Plaintiff, DEBRA FISCHER ("Plaintiff"), files suit against the Defendant, ETHICAL RECOVERY SOLUTIONS, LLC, ("Defendant") and alleges the following.

1. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 §§ *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55 et seq. ("FCCPA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1962 et seq. This Court has supplemental jurisdiction over the Plaintiff's FCCPA claims under 28 U.S.C. § 1367.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and where Defendant transacts business in this District).

## PARTIES

3. Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Sarasota. Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and by 15 U.S.C. § 1692a(3).

4. Defendant is an entity who at all relevant times was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff as that term is defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Likewise, Defendant is a "person" subject to regulation under Fla. Stat. § 559.72

## FACTUAL ALLEGATIONS

5. Plaintiff allegedly defaulted on a debt owed to Gulf Coast Health Care Services, Inc. Subsequently, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff. The debt that Plaintiff incurred was a consumer debt as defined by the FDCPA and FCCPA, and was secured and used primarily for personal, family, and/or household services.

6. On October 23, 2013, Defendant sent or caused to be sent to Plaintiff a letter attempting to collect the above-referenced debt. The letter identifies Gulf Coast Health Care Services, Inc. as the creditor, and the account number as 12707. The letter states that the amount due is $2,588. (The foregoing letter is attached to this Complaint as Exhibit A and is hereinafter referred to as the "Debt Collection Letter").

7. At the time the Debt Collection Letter was sent to Plaintiff, Plaintiff did not owe $2,588.06 to Gulf Coast Health Care Services, Inc.

8. Defendant's Debt Collection Letter constitutes a misleading, confusing and deceptive means by which Defendant attempted to collect the above-referenced debt from Plaintiff. In particular, the Defendant was attempting to collect an amount not expressly authorized by agreement or permitted by law. Therefore, the Defendant misrepresented the amount that Plaintiff allegedly owed the creditor, Gulf Coast Health Care Services, Inc.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 § *et seq*.

9.  Plaintiff incorporates by reference paragraphs 1 through 8 of this Complaint as though stated fully herein.

10. The foregoing acts and omissions of Defendant constitute violations of the FDCPA, including: (a) 15 U.S.C. § 1692e; (b) 15 U.S.C. § 1692e(10); (c) 15 U.S.C. § 1692e(2)(A); and (d) 15 U.S.C. §.

11. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs, and any actual damages sustained as a result of Defendant's conduct.

**WHEREFORE** Plaintiff demands judgment for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT II – VIOLATIONS OF THE FCCPA

12. Plaintiff incorporates by referenced paragraphs 1 through 8 of this Complaint as though stated fully herein.

13. The foregoing acts and omissions of Defendant constitute violations of the FCCPA, including: (a) Fla. Stat. § 559.72(9).

14. As a result of Defendant's violations of the FCCPA, pursuant to Fla. Stat. § 559.77, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 for each subsection violated of the FCCPA, plus reasonable attorney's fees and costs.

**WHEREFORE** Plaintiff demands judgment for damages, attorney's fees, costs, and such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

/s/ Paul R. Fowkes
Paul R. Fowkes, Esq.
FBN: 723886
**Disparti Fowkes & Hasanbasic, P.A.**
2203 N. Lois Ave.
Suite 830
Tampa, FL 33607
(813) 221-0500
(813) 228-7077 (FAX)
pfowkes@DFHlawfirm.com
Counsel for Plaintiff